UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
THE PALOMBO GROUP, INC.

                Plaintiff,

              -against-

CRYSTAL BEACH DEVELOPMENT CORP.,

                Defendant.
------------------------------------------------------x

08 CV 3153

NOTICE OF REMOVAL
PURSUANT TO
FEDERAL RULE 81(c)

JUDGE BRIEANT

    Defendant Crystal Beach Development Corp. ("Crystal Beach"), hereby gives Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, Duchess County, in which the action is now pending, to the United States District Court for the Southern District of New York, and respectfully represents as follows:

    1.    On or about March 5, 2008, a Summons and Complaint was filed in a civil action entitled *The Palombo Group, Inc. v. Crystal Beach Development Corp.*, Index No. 1577/08. A copy of the Summons and Complaint are annexed hereto as Exhibit "A".

    2.    This Notice of Removal is filed within the thirty day statutory period for removal under 28 U.S.C. § 1446(b).

    3.    Based on the information in Plaintiff's Complaint, Plaintiff is a corporation and a resident of New York State. Crystal Beach is, and was at the time this action was filed, a corporation and a resident of the State of Connecticut with a principal place of business at Poet's Landing, 16 Hayestown Road, Danbury, Connecticut 06811.

    4.    This action arises out of a construction contract and Plaintiff is seeking damages in the amount of $616,445.09

    5.    As Plaintiff and Defendant are citizens of different states and the amount in

controversy exceeds seventy five thousand dollars ($75,000.00), the Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. As such, removal of this action is proper. A copy of this Notice has been filed with the clerk of the Supreme Court of the State of New York, Duchess County. A copy of the State Court Notice is attached as Exhibit "B".

WHEREFORE, Crystal Beach respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, Duchess County, to the United States District Court for the Southern District of New York.

Dated: New York, New York
      March 27, 2008

                    BAUMAN KATZ & GRILL LLP
                    Attorneys for Defendant

                    By_____
                    Daniel E. Katz (DK 7222)
                    28 West 44th Street, Suite 900
                    New York, New York 10036
                    212-684-0300

TO: William W. Frame, Esq.
     Corbally, Gartland and Rappleyea LLP
     Attorneys for Plaintiff
     35 Market Street
     Poughkeepsie, New York 12601
     845-454-1110

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------X
THE PALOMBO GROUP, INC.,

                      Plaintiff,

      -against-

CRYSTAL BEACH DEVELOPMENT CORP.,

                      Defendant.
-------------------------------------------------------------X

SUMMONS 2008 1577

Index No.
Date Purchased:

**TO THE ABOVE NAMED DEFENDANT:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

     The Plaintiff designates Dutchess County as the place of trial. The basis of the venue is that the Plaintiff has its principle place of business located at 6030 Route 82 Village Centre, P.O. Box 74, Town of Stanford, County of Dutchess, State of New York.

Dated: Poughkeepsie, New York
         March 5, 2008

                                  Yours, etc.

                                  CORBALLY, GARTLAND AND RAPPLEYEA, LLP

                                  By: _____
                                       William W. Frame, Esq.
                                       Attorneys for Plaintiff
                                       35 Market Street
                                       Poughkeepsie, NY 12601
                                       Tel. No. (845) 454-1110

Defendant's Address:
46 Westchester Avenue
Pound Ridge, New York 10576.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------X
THE PALOMBO GROUP, INC.,

                            Plaintiff,                      **COMPLAINT**

    -against-

                                                                Index No. 2008-1577

CRYSTAL BEACH DEVELOPMENT CORP.,

                            Defendant.
------------------------------------------------------------X

        The Plaintiff, The Palombo Group, Inc., by its attorneys, Corbally, Gartland & Rappleyea, LLP, as and for its Complaint alleges as follows:

        1.     That, at all times hereinafter mentioned, the Plaintiff was and still is a domestic corporation authorized to do business in the State of New York with its principal place of business located at 6030 Route 82 Village Centre, P.O. Box 74, Stanfordville, New York 12581.

        2.     That, at all times hereinafter mentioned, upon information and belief, the Defendant is a foreign corporation, doing business in the State of New York, with its principal place of business located at 46 Westchester Avenue, Pound Ridge, New York 10576.

        3.     That, on or about November 15, 2004, the Plaintiff and the Defendant entered into an agreement (hereinafter the "Agreement"), for the considerations set forth therein, under which the Plaintiff agreed to furnish certain labor, materials, equipment, supplies, and construction management and administrative services for the Defendant in connection with the construction of certain improvements to the Crystal Bay condominium development in Danbury, Connecticut.

        4.     That, pursuant to the terms of the Agreement, the Defendant agreed to pay the Plaintiff the amount of $953,888.92 to perform the scope of work set forth in the Agreement as amended.

5.  That, pursuant to the terms of the Agreement, the Plaintiff properly and duly performed work, labor, and services, and provided materials, equipment, and supplies specified and/or necessary in the performance of its obligations under the Agreement.

6.  That the Defendant has refused to pay the Plaintiff, pursuant to the terms of Agreement, the sum of $116,445.09, despite the fact that Plaintiff has performed its part of the Agreement in accordance with its terms and has demanded payment of said amount.

7.  That, based upon the foregoing, the Defendant is in breach of the Agreement.

8.  That, as a result, the Plaintiff has been damaged in the amount of $116,445.09, together with interest.

## AS AND FOR A FIRST CAUSE OF ACTION

9.  The Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "8" of this complaint as if set forth herein at length.

10. That, as a result of the Defendant's breach of the Agreement, the Plaintiff has been damaged in the amount of $116,445.09, together with interest.

## AS AND FOR A SECOND CAUSE OF ACTION

11. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "10" of this complaint as if set forth herein at length.

12. That, at the specific request of the Defendant, the Plaintiff performed extra and additional work and supplied additional materials, neither of which were part of the Agreement.

13. That the fair and reasonable value of the work and materials is not less than $250,000.00.

14. That the Defendant has refused to pay the Plaintiff for said work and materials, despite due demand, all to the Plaintiff's damage in an amount not less than $250,000.00.

CORBALLY, GARTLAND AND RAPPLEYEA, LLP • ATTORNEYS AND COUNSELORS AT LAW
35 MARKET STREET • POUGHKEEPSIE, NEW YORK 12601

## AS AND FOR A THIRD CAUSE OF ACTION

15. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "14" of this complaint as if set forth herein at length.

16. That the Defendant has accepted the benefits of the Plaintiff's performance, as alleged herein.

17. That, despite accepting the benefit of the Plaintiff's performance, the Defendant has refused to pay the Plaintiff.

18. That by reason of the foregoing, the Defendant has been unjustly enriched in an amount not less than $366,445.09.

## AS AND FOR A FOURTH CAUSE OF ACTION

19. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "18" of this complaint as if set forth herein at length.

20. That, during its performance of the Agreement, the Plaintiff's work and its continued performance of said work was interfered with, impacted, delayed and/or prevented by the Defendant, its employees, and agents.

21. That the conduct of the Defendant, its employee, and agents that contributed to the interference and delays included, but was not limited to:

    a. The drawings, plans, and specifications prepared and furnished by the Defendant were defective, improper and incomplete;

    b. The Defendant directed numerous and repeated changes and redesigns during the course of the Plaintiff's work;

CORBALLY, GARTLAND AND RAPPLEYEA, LLP • ATTORNEYS AND COUNSELORS AT LAW

  c. The Defendant delayed unreasonably in directing the changes and redesigns it wanted incorporated into the work;

  d. The Defendant delayed unreasonably in approving shop drawings and submittals and in furnishing other required approvals for the work and in furnishing the Plaintiff with information necessary for the work to proceed in a timely and efficient fashion; and

  e. The Defendant delayed unreasonably in obtaining approvals, building permits, and easements required for the Plaintiff's performance.

22. That the aforementioned interference and delays were not contemplated by the parties hereto at the time of the Agreement.

23. That said interference and delays required the Plaintiff to hire additional personnel at the Plaintiff's sole expense.

24. That said interference and delays were caused solely by the acts or omissions of the Defendant.

25. That, as a result of the foregoing, the Plaintiff was damaged in an amount not less than $250,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant as follows:

1. As and for its first cause of action, the amount of $116,445.09 with interest;

2. As and for its second cause of action, an amount to be proved at trial but not less than $250,000.00;

3. As and for its third cause of action, an amount to be proved at trial but not less than $366,445.09;

CORBALLY, GARTLAND AND RAPPLEYEA, LLP • ATTORNEYS AND COUNSELORS AT LAW

MAR-14-2008 11:34   Corbally Gartland & Rapp   845 454 4857   P.05

4. As and for its fourth cause of action, an amount to be proved at trial but not less than $250,000.00;

5. Together with the costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: Poughkeepsie, New York
March 5, 2008

        Yours, etc.

        CORBALLY, GARTLAND AND RAPPLEYEA, LLP

        By: _____
        William W. Frame, Esq.
        Attorneys for Plaintiff
        35 Market Street
        Poughkeepsie, NY 12601
        Tel. No. (845) 454-1110

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUCHESS
-----------------------------------------------------------x
THE PALOMBO GROUP, INC.　　　　　　　　　　Index No.: 1577/08

　　　　　　　Plaintiff,

　　-against-　　　　　　　　　　　　　　　　NOTICE OF REMOVAL

CRYSTAL BEACH DEVELOPMENT CORP.,

　　　　　　　Defendant.
-----------------------------------------------------------x

　　　　PLEASE TAKE NOTICE that a Notice of Removal to remove this case from the Supreme Court for the State of New York, Duchess County, a copy of which is annexed hereto, has been duly filed in the Office of the Clerk of the Court for the United States District Court for the Southern District of New York, on the 28th day of March, 2008.

Dated: New York, New York
　　　　March 28, 2008

　　　　　　　　　　　　　　　　　　　　　　BAUMAN KATZ & GRILL LLP
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

　　　　　　　　　　　　　　　　　　　　　　By_____
　　　　　　　　　　　　　　　　　　　　　　　　　Daniel E. Katz
　　　　　　　　　　　　　　　　　　　　　　28 West 44th Street, Suite 900
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10036

TO: William W. Frame, Esq.
　　Corbally, Gartland and Rappleyea LLP
　　Attorneys for Plaintiff
　　35 Market Street
　　Poughkeepsie, New York 12601
　　845-454-1110