UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THE PALOMBO GROUP, INC.,                    08 Civ. 3153 (CLB)

                Plaintiff,              **JURY TRIAL DEMANDED**

      -against-                             **ANSWER AND COUNTERCLAIMS**

CRYSTAL BEACH DEVELOPMENT CORP.,

                Defendant.
-------------------------------------------------------x

      Defendant Crystal Beach Development Corp. ("Crystal" or "Defendant"), by and through its attorneys, Bauman Katz & Grill LLP, as and for its Answer, Affirmative Defenses and Counterclaims to the Complaint of Plaintiff The Palombo Group, Inc. ("Palombo" or "Plaintiff"), respectfully states and responds as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

      2.      Denies the allegations contained in paragraph "2" of the Complaint, except admits that Defendant is a foreign corporation.

      3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint, except admits that the parties entered into a Contract and respectfully refers the Court to the Contract for the best evidence and a true and accurate statement of its contents.

      4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, and respectfully refers the Court to the Contract for the best evidence and a true and accurate statement of its contents.

      5.      Denies the allegations contained in paragraph "5" of the Complaint.

6. Denies the allegations contained in paragraph "6" of the Complaint.

7. Denies the allegations contained in paragraph "7" of the Complaint.

8. Denies the allegations contained in paragraph "8" of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

9. With respect to paragraph "9" of the Complaint, Defendant repeats and realleges the answers previously set forth in response to paragraphs "1" through "8" as if fully set forth herein.

10. Denies the allegations contained in paragraph "10" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

11. With respect to paragraph "11" of the Complaint, Defendant repeats and realleges the answers previously set forth in response to paragraphs "1" through "10" as if fully set forth herein.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint

## ANSWERING THE THIRD CAUSE OF ACTION

15. With respect to paragraph "15" of the Complaint, Defendant repeats and realleges the answers previously set forth in response to paragraphs "1" through "14" as if fully set forth herein.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

19. With respect to paragraph "19" of the Complaint, Defendant repeats and realleges the answers previously set forth in response to paragraphs "1" through "18" as if fully set forth herein.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint.

25. Denies the allegations contained in paragraph "25" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a cause of action against Crystal upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by its own culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the Statute of Frauds.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. Plaintiff has been paid, and it has accepted, all monies for which Plaintiff is

entitled to be paid.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred because it did not properly perform its work.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred because it has failed to meet all required conditions precedent to payment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred because it did not comply with all the terms of the purported agreement(s).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. Plaintiff has failed to mitigate damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36. Any damages sustained by the Plaintiff were caused by the actions of the Plaintiff and/or its agents and employees, and, as a result, the amount due to the Plaintiff, if any, must be reduced completely or in part as determined by the trial court.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37. The Plaintiff's claims are barred, in whole or in part, because any claims or damages asserted by the Plaintiff are the result of acts or omissions of third-parties or events over whom or which Crystal had no control.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38. The Plaintiff's claims are barred by its own breaches of any alleged contract.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39. To the extent that Plaintiff performed any work under the alleged Contract, such work was defective, and these defects were remedied by Crystal at its expense, which offsets any amount that might otherwise be due Plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

40. Plaintiff failed to properly man the job and caused delays to the project, requiring supplementation of the work force at Crystal's expense, which offsets any amount that might otherwise be due Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

41. This court lacks personal jurisdiction over the Defendant.

### AS AND FOR A FIRST COUNTERCLAIM

42. Defendant repeats and realleges the allegations set forth in paragraphs "1" through "41" as if fully set forth herein.

43. Crystal is a foreign corporation with a pricipal place of business at Poet's Landing, 16 Hayestown Road, Danbury, Connecticut.

44. Upon information and belief, Palombo is a domestic corporation authorized to do business in the State of New York with a principal place of business at 6030 Route 82 Village Centre, P.O. Box 74, Stanfordville, New York.

45. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) because the matter in controversy exceeds $75,000.00 and the Plaintiff and Defendants are citizens of different states.

46. On or about November 15, 2004 Crystal, as owner, and Palombo, as Construction Manager, entered into a Construction Management Agreement (the "Contract") pursuant to

which Palombo was to provide certain services with respect to development and construction on the Crystal Beach project (the "Project") (A full copy of the Contract is incorporated by reference herein).

47. Pursuant to the terms of the Contract, Palombo agreed, among other things, to indemnify Crystal from and against any and all claims, cost, loss, damage expense or liability including attorneys' fees, including but not limited to claims for economic loss caused by or in connection with the performance of Palombo's work, or any of its acts or omissions.

48. Crystal duly and timely commenced and completed performance of all of the terms and conditions of the Contract, except to the extent that such performance was hindered or prevented by the acts and omissions of Palombo and its agents.

49. Work performed by Palombo on the Project was ultimately faulty and defective and not in compliance with the materials terms of the Contract.

50. Palombo's untimely, faulty and defective work delayed the Project and caused Crystal to incur additional costs and damages in an amount to be determined at trial but believed to be in excess of two million ($2,000,000.00) dollars, for which Palombo is liable to Crystal.

## AS AND FOR A SECOND COUNTERCLAIM

51. Crystal repeats and realleges the allegations set forth in paragraphs "1" through "49" as if fully set forth herein.

52. Palombo materially breached the Contract by, among other things, failing to coordinate the work at the Project, failing to properly schedule the work, failing to timely submit proper and complete cost reports, failing to submit timely or complete applications for payment, failing to adequately prepare, process and administer trade contracts, failing to properly bid out the work to trade contractors, failing to provide insurance forms, failing to competently or

adequately staff the Project, failing to properly define the scope of work for trade contractors, allowing and approving an excessive amount of change orders, and by failing to properly or completely perform its construction management and related services pursuant to the Contract.

53. Palombo's material failures have caused Crystal to incur additional costs and damages in an amount to be determined at trial but believed to be in excess of two million ($2,000,000.00) dollars, for which Palombo is liable to Crystal.

### AS AND FOR A THIRD COUNTERCLAIM

54. Crystal repeats and realleges the allegations set forth in paragraphs "1" through "53" of the Complaint.

55. As a result of Palombo's material breaches of the Contract, they were terminated from the Project by Crystal.

56. As a result of the above, Crystal incurred additional costs and damages in an amount to be determined at trial but believed to be in excess of two million ($2,000,000.00) dollars, for which Palombo is liable to Crystal.

WHERFORE, Defendant Crystal Beach Development Corp. respectfully demands judgment as follows:

1. Dismissing Plaintiff's Complaint in its entirety;

2. On the first counterclaim for a judgment in an amount to be determined at trial but for a sum of at least $2,000,000.00, plus interest;

3. On the second counterclaim for a judgment in an amount to be determined at trial but for a sum of at least $2,000,000.00, plus interest;

4. On the third counterclaim for a judgment in an amount to be determined at trial but for a sum of at least $2,000,000.00, plus interest; and

5.  For such other and further relief as this Court deems just and proper including but not limited to, reasonable attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
       April 4, 2008

                                 Bauman, Katz & Grill LLP
                                 Attorneys for Crystal Beach Development Corp.

                                 By: _____
                                    Daniel E. Katz (DK 7222)
                                 28 West 44th Street, Suite 600
                                 New York, New York 10036
                                 212-684-0300

TO: William W. Frame, Esq.
    Corbally, Gartland and Rappleyea LLP
    Attorneys for Plaintiff
    35 Market Street
    Poughkeepsie, New York 12601
    845-454-1110